UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YING QING LU,

    Plaintiff,

        v.         Civil Action No. 11-1815 (JEB)

MARK LEZELL, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ying Qing "Lucy" Lu brought this action against Defendants Mark Lezell and Isam Ghosh, contending that they had defrauded her out of over $100,000 in connection with an unsuccessful investment. Three third parties – Oklahoma Shelf Exploration Development, LLC (OSED), Bridges Financial, LLC, and Afshin Afsharnia – who are also represented by Plaintiff's counsel, now move to intervene under Federal Rule of Civil Procedure 24. Because the Motion was not accompanied by a pleading setting out their claim, as required by Rule 24(c), the Motion will be denied. Even if the Motion had been properly filed, intervention of right would still be impermissible because Movants have not claimed an interest in the particular property or transaction that is the subject of the suit. The proper course is for Plaintiff's counsel to seek leave of the Court to amend the Complaint to add these Movants as additional plaintiffs.

**I.    Background**

Plaintiff filed her Amended Complaint in this matter on March 16, 2012. She asserted causes of action for conspiracy under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.*, breach of contract, civil conspiracy, breach of fiduciary duty, negligence, and fraud/intentional misrepresentation. See ECF No. 16. OSED, Bridges, and

1

Afsharnia have now filed the instant Motion, entitled "2nd Motion for Leave to Intervene or In the Altenative [*sic*] for Joinder." See ECF No. 24. They seek to "participate in the above captioned matter" by way of intervention or joinder pursuant to Rules 19, 20, and 24. Id. at 1. While the Motion generally asserts the propriety of joinder under Rules 19 and 20, it does not make any argument as to why these rules would be applicable here. Rather, Movants present an argument only for intervention as of right under Rule 24(a)(2) or, alternatively, for permissive intervention under Rule 24(b). The Court will thus address only the intervention question.

**II.     Analysis**

Rule 24(c) states in relevant part that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." While the instant Motion contains the grounds for intervention, it is not accompanied by any pleading – *e.g.*, a complaint. The Court may "permit[] a degree of flexibility with technical requirements" when the "position of the movant is apparent from other filings." Tachiona *ex rel.* Tachiona v. Mugabe, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002). In the current Motion, however, the position of Movants is not so apparent. This omission alone thus requires a denial of the Motion.

Even if Rule 24(c) had been satisfied, intervention as of right would still fail under Rule 24(a)(2) because Movants have not presented an interest in the particular property or transaction at issue in the original action. Intervention as of right is only permissible if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); see also SEC v. Prudential Sec. Inc., 136 F. 3d 153, 156 (D.C. Cir. 1998)

(requiring as a prerequisite for intervention of right that "the applicant must demonstrate a legally protected interest in the action"). In other words, Movants must demonstrate a "significantly protectable interest" in the present litigation. Donaldson v. United States, 400 U.S. 517, 531 (1971); see also Voltage Pictures, LLC v. Vazquez, 277 F.R.D. 28, 31 (D.D.C. 2011) (holding that the movant's interest in protecting release of her identifying information and her interest in due process did not warrant intervention). Movants have failed to demonstrate this interest here.

Movants nevertheless assert that "each has a substantial cash interest in this matter," and that all three are "similarly situated victims of frauds and schemes." Mot. at 5. While this may generally be true, such a conclusory statement does not explain in what specific property or transaction they have an interest. Movants have also not made any claim that their ability to protect their interest would be impeded if they were precluded from intervening. Put simply, they have not explained how the present action will impair their "cash interest."

Although intervention as of right would fail because Movants have not presented an interest in a particular property or transaction, the Court could still allow permissive intervention in the future under Rule 24(b). While this is possible, the better course would be for Plaintiff's counsel to seek leave to amend the Complaint to add the additional parties and their claims. The case remains in the early stages, and Defendants have not even responded to the Amended Complaint.

### III. Conclusion

For the foregoing reasons, the Court ORDERS that the Motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                                          /s/ *James E. Boasberg*
                                                          JAMES E. BOASBERG
                                                          United States District Judge

Date:  May 29, 2012