UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YING QING LU, *et al.*,

    Plaintiffs,

    v.

MARK LEZELL, *et al*.,

    Defendants.

Civil Action No.  11-1815 (JEB)

**MEMORANDUM OPINION AND ORDER**

    Plaintiffs are two entities and two individuals who allege that Defendants Mark Lezell and Isam Ghosh defrauded them out of different investments.  They have brought this suit under the Racketeering Influenced and Corrupt Organizations Act and have also alleged several common-law causes of action.  Defendant Lezell has now moved to dismiss, arguing that the RICO claim is insufficiently pled and that one Plaintiff and two other counts should also be dismissed.  The Court agrees with all but the RICO argument.

**I.**    **Procedural Background**

    The procedural history in this matter is somewhat involved.  Ying Qing Lu as the sole Plaintiff filed her initial Complaint in this matter on October 13, 2011.  She asserted causes of action for conspiracy under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, breach of contract, civil conspiracy, breach of fiduciary duty, negligence, and fraud.  See ECF No. 1.  On November 9, Defendants Lezell and Ghosh jointly moved to dismiss, and Plaintiff never responded.  The Court, therefore, on December 7, granted the Motion as

conceded and dismissed the case. On December 20, Plaintiff filed a Motion for Leave to Late File her Opposition. In an Order of January 5, 2012, the Court explained that Plaintiff's pleading, which was "incomprehensible and incoherent," "never clearly explain[ed] why the Court should vacate its prior ruling." See ECF No. 9 at 1. The Court, accordingly, denied the Motion without prejudice.

Plaintiff then filed another motion seeking to vacate the dismissal and asking leave to file an amended complaint, both of which requests the Court granted in a Memorandum Opinion on March 16, 2012. See ECF No. 14. In part, the Court held that the RICO allegations, while thin, would survive a motion to dismiss. See id. at 4-9. Defense counsel subsequently sought to withdraw, which the Court permitted in Minute Orders of April 30 and May 4. Plaintiff's counsel then improperly sought to intervene on behalf of other potential plaintiffs, which the Court denied in an Order on May 29, explaining, *inter alia*, that the proper course was a motion to amend complaint. See ECF No. 27. After Plaintiff failed to act for three months, the Court, *sua sponte*, ordered that she show cause why the case should not be dismissed for want of prosecution. See Minute Order of Aug. 29, 2012. Plaintiff responded, and the Court ultimately permitted a Third Amended Complaint to be filed on October 31. See ECF No. 37. This pleading added three other Plaintiffs: Oklahoma Shelf Exploration and Development, LLC; Bridges Financial, LLC; and Afshin Afsharnia. After neither Defendant responded, the Clerk entered default. See ECF No. 39. Defendant Lezell, with counsel reappearing in the case, then asked the Court to vacate the default. See ECF No. 41. The Court ultimately did so during a hearing on December 19, and it permitted Lezell to file the Motion to Dismiss the Third Amended Complaint, which is now ripe for decision. See Minute Order of Dec. 19, 2012.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  The notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and she must thus be given every favorable inference that may be drawn from the allegations of fact.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)).  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

**III.     Analysis**

Lezell sets forth a variety of arguments (some in just a sentence or two) in his Motion to Dismiss, four of which deserve particular attention.  First, Plaintiffs' RICO claim is insufficiently pled.  Second, claims by Plaintiff Bridges Financial, LLC are precluded by the Court's prior Opinion in a related case.  Third, Plaintiffs' contract claim is barred by the statute of limitations.  Fourth, their breach-of-fiduciary-duty count fails to assert a fiduciary relationship.  The Court will consider each in turn.

**A.     RICO**

Lezell's arguments about Plaintiffs' RICO cause of action essentially restate the position he and co-Defendant Ghosh took on the same question when they opposed Plaintiff Lu's motion to amend her complaint a year ago.  See ECF No. 11.  And the Court's response is the same.  As it stated in its Memorandum Opinion then, "Although this is hardly the most complex or comprehensive of RICO schemes, it appears sufficient at this stage for Plaintiff to clear the dismissal hurdle for several reasons."  See ECF No. 14 at 7.   The Court also concluded there and repeats here: "The Court does note that some of Plaintiff's allegations about the other schemes and victims are somewhat superficial. Should she fail to provide record evidence of these multiple schemes and victims, Defendants may obtain greater success on a motion for summary judgment."  Id. at 9.

**B.     Bridges**

On July 25, 2011, Plaintiff  Earnest Bridges, represented by Plaintiffs' counsel here, filed a separate suit against Lezell's law firm and Ghosh's consulting firm, alleging the same facts as in this case and asserting claims for RICO and other common-law violations.  See Bridges v. Lezell Law, PC, No. 11-1353, ECF No. 6 (Amended Complaint).  This Court, to whom that case

was also assigned, dismissed the RICO count with prejudice in a Memorandum Opinion.  See Bridges v. Lezell Law, PC, 842 F. Supp. 2d 261 (D.D.C. 2012) (Bridges I).  Yet, in the guise of Bridges Financial, LLC, the same RICO claim is now raised again in this suit.

       The doctrine of *res judicata* (or claim preclusion) prohibits Bridges Financial's inclusion in this suit.  "A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'"  Natural Res. Def. Council v. EPA, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006)).  Each of these elements is present here.

       Whether a case presents "the same cause of action turns on whether [the lawsuits] share the same nucleus of facts."  Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004) (citations omitted).  If a claim could have been raised in an earlier action, but was not, that claim is also barred under *res judicata*.  See Appalachian Power Co. v. EPA, 251 F.3d 1026, 1033–34 (D.C. Cir. 2001).  Here, Plaintiffs' Complaint even references the Bridges case several times to make clear that the conduct is the same.  See Third Am. Compl. at 4, 12, 14.

       In regard to the second prong, *res judicata* binds both the original parties and their privies.  Natural Res. Def. Council, 513 F.3d at 260.  Privity is not found in merely parallel interests, but in "the substantial identity of incentives of the earlier party with those of the party against who[m] *res judicata* is asserted."  Holland v. Apfel, 23 F. Supp. 2d 21, 25-26 (D.D.C. 1998) (citations omitted); see also Patton v. Klein, 746 A.2d 866, 870 (D.C. Cir. 1999) ("A privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case," including "those

5

whose interests are represented by a party to the action.") (citations omitted).  Here, privity exists between Bridges and Bridges Financial.  Indeed, Plaintiffs' Opposition makes no argument to the contrary nor does it ever claim that there is some meaningful distinction between Bridges the individual and his company.

Last, there has been a final, valid judgment on the merits by a court of competent jurisdiction, as this Court dismissed Bridges's RICO claim with prejudice in the prior suit.  See Bridges I.

That Bridges's current RICO allegation may differ slightly from that presented previously does not allow him a second bite at the apple.  Claim preclusion "bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised." NRDC v. Thomas, 838 F.2d 1224, 1252 (D.C. Cir. 1988) (emphasis added); see also SBC Commc'ns Inc. v. FCC, 407 F.3d 1223, 1230 (D.C. Cir. 2005) ("[T]he purpose of claim preclusion is to prevent litigation of matters that should have been raised in an earlier suit.") (emphasis in original; citations omitted).

Plaintiffs, it bears mention, have conceded the preclusive effect of Bridges I by failing to contest Lezell's argument on this point.  See Lewis v. District of Columbia, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011) ("'It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'") (quoting Hopkins v. Women's Div., General Bd. of Global Ministeries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)).

It should be noted that the only claim Bridges Financial makes here is under RICO. The common-law claims alleged do not relate to it. As a result, Bridges Financial will be dismissed as a Plaintiff.

C. Breach of Contract

The second cause of action – for breach of contract – appears to only apply to Plaintiff Lu. See Third Am. Compl., ¶¶ 66-68. Although this count, like much of the Third Amended Complaint, remains poorly pled and confusing, it appears the main contention is Defendants' failure to return a $50,000 escrow deposit. Id. Lezell argues that, whatever the merits of this claim may be, it is barred by the three-year statute of limitations for such causes of action. Plaintiffs do not respond to this argument either and have thus conceded it. Even if they had not, Lezell is correct.

In the District of Columbia, the statute of limitations for breach of contract is three years, and it begins to run at the time of the breach. See D.C. Code § 12-301(7); Murray v. Wells Fargo Home Mortg., 953 A.2d 308, 319-20 (D.C. 2008). Accepting Plaintiffs' allegations "in a light most favorable to the nonmoving party," Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 62 (D.C. 2005), Defendants breached the contract at some point soon after May 29, 2008. See Third Am. Compl., ¶¶ 39-40 ("On May 29, 2008, at 2:35 a.m., Lezell sent an email to Attorney Tolliver, naming himself, Lezell as the Escrow Agent, and stating verbatim that 'as escrow agent, I undertake to apply the deposited funds subject to the conditions agreed to.' Mark Lezell thereafter transferred the funds to Isam Gosh [*sic*]/Westin Development, LLC, in clear violation of the emailed escrow instructions and the his [*sic*] representations to the Plaintiff."). Plaintiffs never state exactly when the transfer occurred, but it appears to have been shortly after May 29 or even the same day.

The statute of limitations, however, is tolled when the plaintiff does not know, and should not reasonably have known, that an injury has been suffered due to the defendant's wrongdoing. See Lee v. Wolfson, 265 F. Supp. 2d 14, 17 (D.D.C. 2003) (statute of limitations begins to run when "the plaintiff has knowledge of (or by the existence of reasonable diligence should have knowledge of) (1) the existence of injury, (2) its cause in fact, and (3) some evidence of wrongdoing") (citing Bussineau v. President & Dir. of Georgetown Coll., 518 A.2d 423, 425 (D.C. 1986)).

Plaintiff Lu does not argue that she "could not reasonably have discovered the claim at that time; rather, she knew, or reasonably should have known," when she did not receive the $73,000 promised upon her $50,000 deposit to the escrow account. See Pardue v. Ctr. City Consortium Schools of Archdiocese of Washington, Inc., 875 A.2d 669, 679 (D.C. 2005); see also Toomey v. Cammack, 345 A.2d 453, 455 (D.C. 1975) ("As a general rule, an actionable claim accrues, and the statute of limitations begins to run, when a suit thereon could first be maintained to a successful conclusion.").

Since Lu did not file her Complaint until October 13, 2011, her breach-of-contract claim is untimely. See Malewicz v. City of Amsterdam, 517 F. Supp. 2d 322, 335 (D.D.C. 2007) ("Dismissal on statute of limitations grounds is . . . appropriate when the complaint establishes the defense on its face.").[1]

D.   Breach of Fiduciary Duty

In the District of Columbia, "[t]he elements of a legally cognizable breach of fiduciary claim are well-established. [Plaintiff] must allege facts sufficient to show (1) the existence of a

---

[1] There is also a reference in this count to $250,000 that Ghosh owed Plaintiff. See Third Am. Compl., ¶¶ 67-68, but the Court will not address this because it deals with Ghosh, not Lezell. See id., ¶¶ 31-32.

fiduciary relationship; (2) a breach of the duties associated with the fiduciary relationship; and (3) injuries that were proximately caused by the breach of the fiduciary duties." Armenian Genocide Museum & Mem'l, Inc. v. Cafesjian Family Found., Inc., 607 F. Supp. 2d 185, 190-91 (D.D.C. 2009).  "To state a claim for breach of fiduciary duty under D.C. law, the claimant must allege the existence of a fiduciary duty and a violation of that duty." Command Consulting Grp., LLC v. Neuraliq, Inc., 623 F. Supp. 2d 49, 54 (D.D.C. 2009).  Claimants must also allege facts to establish proximate cause and injury to receive compensatory damages. Id.  "[T]he mere existence of a contract does not create a fiduciary duty.  A fiduciary relationship could exist, however, where circumstances show that the parties extended their relationship beyond the limits of contractual obligations to a relationship founded upon trust and confidence." Paul v. Judicial Watch, Inc., 543 F. Supp. 2d 1, 6 (D.D.C. 2008).

Defendant correctly argues that Count IV for breach of fiduciary duty does not allege a fiduciary relationship.  Although Plaintiffs have also conceded this point – by failing to respond to the argument – they would lose on the merits anyway.

While fiduciary relationships can be difficult to define, and may very well exist between contracting parties, "[o]ne characteristic that District of Columbia courts have traditionally looked for is a 'special confidential relationship' that transcends an ordinary business transaction and requires each party to act with the interests of the other in mind." High v. McLean Fin. Corp., 659 F. Supp. 1561, 1568 (D.D.C. 1987); see also Urban Inv., Inc. v. Branham, 464 A.2d 93, 96 (D.C. 1983).  Here, Plaintiff never alleges the existence of such a fiduciary relationship. See Third Am. Compl., ¶ 73.  Without a fiduciary relationship, there can be no breach of fiduciary duty.

In any event, just like Plaintiffs' contract claim, this one would also be barred by the same three-year statute of limitations. See D.C. Code § 12-301(8). The only allegation of breach of fiduciary duty is Defendants' taking of the escrow deposit and not returning it. See Third Am. Compl., ¶ 73. As stated in Section III.C, *supra*, that action occurred in May 2008, more than three years before the filing of this suit in October 2011, and no tolling is applicable.

## IV.    Conclusion

Given that this is Plaintiffs' Third Amended Complaint, her efforts to successfully allege such claims as breach of contract and breach of fiduciary duty have run their course and further amendment should not be permitted. The dismissal of those claims, consequently, will be with prejudice.

The Court, accordingly, ORDERS that:

1. Defendant Lezell's Motion to Dismiss is GRANTED IN PART and DENIED IN PART;
2. The claim of Bridges Financial, LLC is DISMISSED WITH PREJUDICE;
3. The counts of Breach of Contract and Breach of Fiduciary Duty are DISMISSED WITH PREJUDICE; and
4. Defendant Lezell shall file an Answer by Feb. 7.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  January 25, 2013